OPINION
The Stark County Grand Jury secretly indicted Appellant Timothy Duff, Sr. on February 14, 1997, for one count of rape and one count of gross sexual imposition. The victim in this case was appellant's daughter. Appellant entered a plea of not guilty, at his arraignment, on February 28, 1997. On March 6, 1997, appellant filed a motion to suppress a confession he made to the charges against him.
Shortly after filing the motion to suppress, appellant filed a motion for funds to retain an expert witness. Appellant's counsel sought to demonstrate that appellant could not have knowingly, voluntarily and intelligently waived his constitutional rights before confessing to the crimes. The trial court overruled appellant's motion for appointment of an expert and motion to suppress.
Prior to the commencement of trial, the state moved the trial court to amend the indictment as it pertained to count one to change the dates from September 1, 1993 to March 20, 1993 to September 1, 1993 to March 20, 1994. The trial court granted the state's motion. The trial of this matter commenced on March 31, 1997. At the close of the state's case, the state moved to amend the first count of the indictment to include the dates contained within the indictment and also the time period between June 1, 1992 and September 1, 1993. The trial court permitted the amendment.
Following deliberations, the jury found appellant guilty as charged in the indictment. The trial court sentenced appellant to seven to twenty-five years for rape and one and one-half years for gross sexual imposition, to be served consecutively. Appellant timely filed his notice of appeal and presents the following issues for our consideration:
 I. APPELLANT WAS DEPRIVED OF HIS RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF THE FIFTH AND SIXTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION.
 II. THE TRIAL COURT ERRED BY PERMITTING THE PROSECUTOR TO AMEND THE INDICTMENT DURING TRIAL CAUSING PREJUDICE TO THE APPELLANT AND PREVENTING HIM FROM HAVING A FAIR TRIAL UNDER THE UNITED STATES AND OHIO CONSTITUTIONS.
 I
Appellant contends, in his first assignment of error, that he was denied effective assistance of counsel because defense counsel did not request a competency or sanity evaluation. We disagree.
The standard for reviewing claims for ineffective assistance of counsel was set forth in Strickland v. Washington (1984),466 U.S. 668. Ohio adopted this standard in the case of State v.Bradley (1989), 42 Ohio St.3d 136. These cases require a two-pronged analysis in reviewing a claim for ineffective assistance of counsel.
First, we must determine whether counsel's assistance was ineffective. Whether counsel's performance fell below an objective standard of reasonable representation and violative of any of his essential duties to the client. If we find ineffective assistance of counsel, we must then determine whether or nor the defense was actually prejudiced by counsel's ineffectiveness such that the reliability of the outcome of the trial is suspect. This requires a showing that there is a reasonable probability that but for counsel's unprofessional error, the outcome of the trial would have been different. It is based upon this standard that we review appellant's first assignment of error.
Appellant argues, on appeal, that because defense counsel mentioned, throughout the trial, that appellant had low intelligence, could not read or write very well and was easily influenced by others, defense counsel should have requested a competency evaluation and defense counsel's failure to do so was ineffective assistance of counsel.
R.C. 2945.37(G) addresses competency hearings and provides as follows:
 (G) A defendant is presumed to be competent to stand trial. If, after a hearing, the court finds by a order authorized by section 2945.38 of the Revised Code. preponderance of the evidence that, because of the defendant's present mental condition, the defendant is incapable of understanding the nature and objective of the proceedings against the defendant or of assisting in the defendant's defense, the court shall find the defendant incompetent to stand trial and shall enter an order authorized by section 2945.38 of the Revised Code.
Based upon the above statute, a defendant is presumed coto stand trial. There is nothing in the record that wocate that appellant did not understand the proceedings agm or that he was unable to assist defense counsel in his dehe statement signed by appellant indicated that he had cothe twelfth grade.
Appellant also claims, under this assignment of error, that defense counsel should have entered a written plea, on his behalf, of not guilty by reason of insanity. R.C. 2901.01(A)(14) provides when a person is not guilty by reason of insanity. Specifically,
 A person is "not guilty by reason of insanity' relative to a charge of an offense only if the person proves * * * that at the time of the commission of the offense, the person did not know, as a result of a severe mental disease or defect, the wrongfulness of the person's acts.
As with the above argument, there is no evidence contained within the record that appellant suffered from a mental disease or defect which prevented him from understanding right from wrong when he committed these offenses against his daughter. The fact that appellant is intellectually slow does not equate to insanity for purposes of R.C. 2901.01(A)(14).
We find defense counsel's conduct in not requesting a competency hearing and not entering a plea, on behalf of appellant, of not guilty by reason of insanity does not fall below an objective standard of reasonable representation and violative of any of her essential duties owed to appellant.
Appellant's first assignment of error is overruled.
 II
In his second assignment of error, appellant contends the trial court erred when it permitted the state to amend the indictment at trial. We disagree.
Crim.R. 7 (D) permits such an amendment and provides as follows:
 (D) Amendment of Indictment, Information, or Complaint. The court may at any time before, during, or after a trial amend the indictment, information, complaint, or bill of particulars, in respect to any defect, imperfection, or omission in form or substance, or of any variance with the evidence, provided no change is made in the name or identity of the crime charged. If any amendment is made to the substance of the indictment, information, or complaint, or to cure a variance between the indictment, information, or complaint and the proof, the defendant is entitled to a discharge of the jury on the defendant's motion, if a jury has been impanelled, and to a reasonable continuance, unless it clearly appears from the whole proceedings that the defendant has not been misled or prejudiced by the defect or variance in respect to which the amendment is made, * * *.
The Ohio Supreme Court has interpreted the above rule and found that Crim.R. 7 (D) permits errors in an indictment to be corrected during the course of or even after trial, as long as such amendment makes no change in the name or identity of the crime charged. State v. O'Brien (1987), 30 Ohio St.3d 122,125-126. Further, even if the amendment to the indictment changes the elements of the offense, the indictment may be amended before, during, or after trial, as long as the defendant has not been misled or prejudiced by the omission of such element from the indictment. Id. at paragraph two of the syllabus. In the casesub judice, clearly, the trial court properly permitted the state to amend the indictment before trial due to a clerical error, contained within the indictment, regarding the dates set forth under the first count. We also find the trial court properly permitted the state to amend the indictment again, at the close of the state's case, as appellant was unable to show at the trial court level or on appeal that he was prejudiced by the amendment.
The trial court gave defense counsel an opportunity to explain how her client would be prejudiced by such an amendment, but defense counsel could not set forth any significant points establishing prejudice. Tr. at 157-159. Further, the amendment of the indictment conformed with the time frame appellant had already established in his statement to the police. We find the trial court properly permitted the state to amend the indictment as appellant was not prejudiced by the amendment.
Appellant's second assignment of error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas, Stark County, Ohio, is hereby affirmed.
By: Wise, J., Farmer, P. J., and Hoffman, J., concur.
 JUDGMENT ENTRY
CASE NO. 1997CA00143
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed.